

U.S. Department of Justice

United States Attorney
District of New Jersey

V. Grady OMalley
Sr. Lit. Counsel

970 Broad Street   973-645-2725
Newark. New Jersey 07102

January 20, 2021

George Abdy, Esq.
97 Lackawanna Ave
Suite 301
Totowa, New Jersey

*Re:* Plea Agreement with KHAL HAMADE

21-CR-177 (CCC)

Dear Mr. Abdy:

This letter sets forth the plea agreement between your client, KHAL HAMADE and the United States Attorney for the District of New Jersey ("this Office").

## Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from KHAL HAMADE to one count of Making False Statements to a Federal Agent in a Matter Within the Jurisdiction of the Executive Branch of the U.S. Government, in violation of Title 18 U.S.C. Section 1001. If KHAL HAMADE enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all the terms of this agreement, this Office will not initiate any further criminal charges against KHAL HAMADE. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time barred by the applicable statute of limitations on the date this agreement is signed by KHAL HAMADE may be commenced against him, notwithstanding the expiration of the limitations period after KHAL HAMADE signs the agreement. KHAL HAMADE agrees to waive any statute of limitations with respect to any crime that would otherwise expire after KHAL HAMADE signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1001 to which KHAL HAMADE agrees to plead guilty carries a statutory maximum sentence of 5 years, and a maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross profits or other proceeds to KHAL HAMADE. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on HAMADE the sentencing judge: (1) will order HAMADE to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order HAMADE to pay restitution pursuant to 18 U.S.C. § 2259; the loss amount is agreed to be not more than $93,000; (3) must order forfeiture (if applicable), pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require HAMADE to serve a term of supervised release of at least three (3) years on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should HAMADE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, HAMADE may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

The sentence to be imposed upon KHAL HAMADE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence KHAL HAMADE ultimately will receive.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office retains its right to take any position with respect to the appropriate sentence to be imposed on KHAL HAMADE by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of KHAL HAMADE's activities and relevant conduct with respect to this case.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and KHAL HAMADE waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences (if applicable)

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. No provision of this agreement shall preclude KHAL HAMADE from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that he received constitutionally ineffective assistance of counsel.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against KHAL HAMADE. This agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceeding against KHAL HAMADE.

No Other Promises

This agreement constitutes the plea agreement between KHAL HAMADE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours
Acting United States Attorney
Rachael Honig

*V. Grady O'Malley*
by: V. Grady O'Malley
Sr. Litigation Counsel

Approved

Jamel Semper
Chief, Organized Crime and Gangs Unit

I have received this letter from my attorney, George Abdy, Esq. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

Agreed and Accepted:

*[signature]*
KHAL HAMADE

Date: 01/20/2021

   I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____
George Abdy, Esq.

Date: 1/20/21

**Schedule A**

This Office and KHAL HAMADE recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and KHAL HAMADE nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence KHAL HAMADE within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and KHAL HAMADE further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

The Offense Conduct

1.  The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6.

2.  Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(D) applies. This Specific Offense Characteristic results in an increase of 6 levels.

3.  Accordingly, the offense level is 12.

Additional Factors

4.  As of the date of this letter, KHAL HAMADE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if HAMADE acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to KHAL HAMADE is 10 (the "agreed total Guidelines offense level").

6.  The parties agree that, at the time of sentencing, the defendant will be permitted, based upon the statutory factors as stated in Title 18 U.S.C. § 3553(a)(1) and (2), to argue for a variance from Level 10.

7.  KHAL HAMADE knows that he, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10. This Office will not file any appeal, motion, or writ which

challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.